United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISRAEL RAMIREZ LUNA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>DONALD O'KEEFE,<br><br>　　　　　　Respondent. | Case No. 17-CV-02129-LHK<br><br>**ORDER DENYING PETITIONER'S MOTION FOR STAY OF EXTRADITION PENDING APPEAL; GRANTING TEMPORARY STAY PENDING RESOLUTION OF PETITIONER'S ANTICIPATED MOTION TO STAY PENDING APPEAL IN THE NINTH CIRCUIT**<br><br>Re: Dkt. No. 11 |

On February 8, 2018, the Court denied Petitioner Israel Ramirez Luna's habeas petition challenging Magistrate Judge Nathanael Cousins's order certifying Petitioner's extradition. *See* ECF No. 9. Thereafter, Petitioner filed a motion to stay his extradition pending appeal on February 22, 2018. *See* ECF No. 11 ("Mot."). The government filed an opposition to Petitioner's stay motion on March 5, 2018, *see* ECF No. 12 ("Opp."), and Petitioner filed a reply on March 7, 2018, *see* ECF No. 13 ("Reply"), and a supplemental brief on March 19, 2018. *See* ECF No. 15 ("Suppl."). Having considered the submission of the parties, the relevant law, and the record in this case, the Court hereby DENIES Petitioner's motion to stay pending appeal, but GRANTS a

temporary stay until the resolution of Petitioner's anticipated motion to stay pending appeal in the Ninth Circuit.

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, it is "'an exercise of judicial discretion.'" *Id.* In deciding whether to exercise its discretion to grant a stay pending appeal, the Court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. Additionally, the Ninth Circuit has held that the first factor only requires a stay applicant to show that his or her appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011). Beyond that, where, as in the instant case, the government is the party opposing the stay, the third and fourth factors merge. *Nken*, 556 U.S. at 435. "The party requesting a stay bears the burden of showing that the circumstances justify" a stay pending appeal. *Id.* at 433–34.

The Court finds that Petitioner has satisfied only one of the two "most critical" stay factors. *Nken*, 556 U.S. at 434. Specifically, Petitioner has satisfied the irreparable harm factor, but has failed to show that his appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez*, 640 F.3d at 971. With respect to irreparable harm, Petitioner has satisfied this factor because if the Court denies Petitioner's stay motion and the government extradites Petitioner to Mexico, Petitioner's appeal will become moot and his case will be dismissed. *See Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (finding that a petitioner satisfied the irreparable harm factor because if the petitioner's stay motion was denied, the petitioner's "appeal will become moot and will be dismissed since [the petitioner's] extradition will have been carried out").

However, Petitioner falls well short of demonstrating that his appeal either presents a "serious legal question[]" or "has a reasonable probability or fair prospect of success." *Leiva-Perez*, 640 F.3d at 971. In his stay motion, Petitioner asserts that his appeal presents "complex questions of law," Mot. at 5, and identifies two issues in particular.

First, Petitioner points to the question of whether Article 7 of the extradition treaty between the United States and Mexico incorporates the Speedy Trial Clause of the Sixth Amendment. *Id.* However, as the Court explained in its order denying Petitioner's habeas petition, although the Ninth Circuit has not addressed this precise issue, numerous courts within the Ninth Circuit—including several courts in this district—have ruled against Petitioner's position that Article 7 of the extradition treaty incorporates the speedy trial right. *See* ECF No. 9 at 7–8. Further, published decisions from other federal courts of appeal have also ruled against such incorporation. *See id.* at 9–10. On the other hand, Petitioner does not identify, and the Court could not find, *any* decision from any federal court that has ruled in favor of Petitioner's position on this issue. Instead, Petitioner can only point to two out-of-circuit dissenting opinions. *See id.* at 10. Finally, another court in this district has ruled that this exact issue neither presents a serious legal question nor has a reasonable probability of success. *See In re Gonzalez*, 2015 WL 1409327, at *3–4 (N.D. Cal. Mar. 27, 2015) (denying a petitioner's motion to stay certification of his extradition and ruling that the "issue of whether the lapse of time provision in the [Mexico-United States extradition] treaty incorporates the Sixth Amendment" does not either raise a serious legal question or have a "reasonable probability or fair prospect of success on the merits"). For all of the reasons stated above, this Court likewise concludes that the incorporation issue that Petitioner raises on appeal does not amount to a "serious legal question[]" and does not have a "reasonable probability or fair prospect of success on the merits." *Leiva-Perez*, 640 F.3d at 971.

Second, Petitioner identifies "the issue of probable cause" as another "complex question[] of law." Mot. at 5–6. Specifically, Petitioner argues that his "habeas petition raises the question whether various documents constitute admissible 'explanatory' evidence or inadmissible

3

Case No. 17-CV-02129-LHK
ORDER DENYING PETITIONER'S MOTION FOR STAY OF EXTRADITION PENDING APPEAL; GRANTING TEMPORARY STAY PENDING RESOLUTION OF PETITIONER'S ANTICIPATED MOTION TO STAY PENDING APPEAL IN THE NINTH CIRCUIT

'contradictory' evidence." *Id.* at 6. Petitioner's argument is not well-taken. As an initial matter, for the reasons explained in the Court's order denying Petitioner's habeas petition, Magistrate Judge Cousins did not err by excluding either Dr. Katherine Raven's expert report or the death certificates issued by the Guanajuato Department of the Civil Registry and the Department of Health as inadmissible "contradictory" evidence. *See* ECF No. 9 at 21–22. Further, and more importantly, even taking into consideration *all* of the evidence that Magistrate Judge Cousins excluded, there would still be sufficient evidence to support probable cause to believe that Petitioner committed aggravated homicide. *See id.* at 22–24; *see also In re Flores Ortiz*, 2011 WL 3441618, at *7 (S.D. Cal. Feb. 9, 2011) ("'The probable cause standard applicable in extradition proceedings is defined in accordance with federal law and has been described as evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" (quoting *United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984))). As a result, the "issue of probable cause" raised in Petitioner's appeal also does not amount to a "serious legal question[]" and does not have a "reasonable probability or fair prospect of success on the merits." *Leiva-Perez*, 640 F.3d at 971.

In sum, Petitioner's appeal does not present any "serious legal questions" and does not carry even a "fair prospect of success on the merits." *Id.* This alone is arguably sufficient grounds on which to deny Petitioner's stay motion. *See Gonzalez*, 2015 WL 1409327, at *2–4 (denying the petitioner's stay motion and concluding that although the petitioner satisfied the irreparable harm factor, because the petitioner failed to "demonstrate that his case raises serious legal questions, or has a reasonable probability or fair prospect of success on the merits, the court need not address the two remaining [stay] factors"). However, even considering the two remaining stay factors—which, in the instant case, merge into one "public interest" factor because the government is the party opposing Petitioner's stay motion, *see Nken*, 556 U.S. at 435—that factor does not weigh in favor of a stay. On the contrary, "the public interest will be served by the United States complying with a valid extradition application from [Mexico] under the" extradition

4

treaty between Mexico and the United States." *Artukovic*, 784 F.2d at 1356. Further, "[s]uch compliance promotes relations between the countries, and enhances efforts to establish an international rule of law and order." *Id.*

Consequently, Petitioner's motion to stay his extradition pending his appeal to the Ninth Circuit is DENIED. However, in his supplemental brief, Petitioner requests "a temporary stay to permit [Petitioner] time to move for a stay in the Ninth Circuit" pursuant to Ninth Circuit Rule 27-2 "in the event [Petitioner's] stay [motion] is denied." Suppl. at 2. The government does not oppose this request. The Court concludes that it is appropriate to GRANT Petitioner's request for a temporary stay of Petitioner's extradition pending the resolution of Petitioner's anticipated stay motion in the Ninth Circuit. Thus, Petitioner's extradition is hereby stayed for at least seven days pursuant to Rule 27-2. If Petitioner seeks a stay in the Ninth Circuit within seven days of this order, the Court will stay Petitioner's extradition until the Ninth Circuit rules on Petitioner's stay motion. On the other hand, if Petitioner does not seek a stay in the Ninth Circuit within seven days of this order, then this Court's temporary stay of Petitioner's extradition will expire seven days after the entry of this order. The parties are hereby ORDERED to update the Court regarding whether Petitioner moves for a stay in the Ninth Circuit no later that seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: May 14, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge